

Dennis O. Laing, Richmond, Va., for plaintiff.

John B. Thompson, Richmond, Va., for Health Drinks of America, Louis E. Kramer, Frances K. Hoelper, William P. Becker, and Mrs. Louis E. Kramer.

Edward W. Taylor, Richmond, Va., for William Haig and Charles Dotson.

## ORDER

WARRINER, District Judge.

On 10 November 1975 defendants filed motions to dismiss on the ground, *inter alia,* that the amount actually in controversy is less than $10,000. An appropriate brief accompanied the motion. Having received plaintiff's brief in opposition to the motion the Court, on 12 January 1976 entered an order denying defendant's motion to dismiss.

Defendants have now filed a "Request for Reconsideration of Motion" in which they reiterate their argument that plaintiff cannot possibly recover in excess of $10,000. The Court has been unable to determine the basis upon which such a motion is to be considered. There appears to be no statutory authority for such a motion and it is not mentioned in the Federal Rules of Civil Procedure. It appears to be a legal animal invented by lawyers who are dissatisfied with a decision of the Court and want to be heard again on the subject.

Courts err. It is frustrating to a party who *knows* a Court has erred to have to put up with the ruling of the Court. It

is quite natural for such a party to bring the matter up again in hopes that the Court will see the error of its ways. Indeed, where the Court's opinion discloses a fundamental misconception of the law or of the facts, such a motion might serve a most useful purpose.

Most of the time, however, such a motion merely cites authority and factual matter which was available to the litigant and easily could have been included in his original brief. Such is the case here.

In all litigation there comes a time when the parties and the Court must put certain disputed issues at rest and move on to other matters in litigation. This time comes when the Court has reached a decision and has memorialized that decision by the entry of an order. It would not do to have a briefing schedule set up on the motion and then another briefing schedule set up on the motion for reconsideration. In situations such as that presently before the Court, the Court sees nothing but mischief in permitting motions for reconsideration to disturb the law of the case. Accordingly, defendant's motion will not be considered.

Let the Clerk send a copy of this order to all counsel of record.